Case 4:18-cv-02150   Document 14   Filed on 09/27/18 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
September 27, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY K. GREENE, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | Civil Action No. 4:18-CV-2150 |
| § | | |
| THE STATE OF TEXAS, § | | |
| *Defendant*. § | | |

## MEMORANDUM AND RECOMMENDATION

This dispute is before the court on the State of Texas's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 6. Having considered the parties' submissions and the law, the court recommends that the State's Rule 12(b)(1) motion to dismiss be granted.

### I. Background

Using a court provided form, *pro se* Plaintiff Roy K. Greene on May 25, 2018 filed a "Complaint for Violation of Civil Rights" against the State of Texas asserting a claim under 42 U.S.C. § 1983. Dkt. 1. Greene complains that his rights were violated when he was "denied two trials in 2018 in Harris County Civil Court #4 Judge Roberta Lloyd Cases 1095887 and 1095321." *Id.* at 4. In addition to money damages, Greene asks to court to "strike as unconstitutional" two Texas Supreme Court cases, *Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012) and *In re Crawford & Company*, 458 S.W.3d 920 (Tex. 2015).

The state court cases referenced by Greene were suits in which Greene sought to recover for work place injuries he allegedly suffered on October 27, 2015 and July 22, 2009. Greene also filed a prior federal court lawsuit asserting a § 1983 claim against the State of Texas related to these same work place incidents. The federal district court dismissed the prior lawsuit based on

sovereign immunity and because the state of Texas is not a "person" for purposes of 42 U.S.C. § 1983. *See Greene v. State of Texas*, Civil Action No. 4:17-cv-0711, 2017 WL 2362495 *1 (S.D. Tex. May 31, 2017).

The State now moves to dismiss the current federal case under Rule 12(b)(1) based on sovereign immunity and the *Rooker-Feldman* doctrine, and under Rule 12(b)(6) because the State is not a person for purposes of 42 U.S.C. § 1983 and because the current case is barred by the *res judicata* effect of Civil Action No. 17-cv-0711. Because the issue of sovereign immunity is dispositive, the court does not address the other grounds for dismissal.

## II. Analysis

### A.   Rule 12(b)(1)

#### 1. Legal Standards

The State's motion to dismiss based on sovereign immunity challenges this court's subject matter jurisdiction over this matter and is governed by Federal Rule of Civil Procedure 12(b)(1). When subject matter jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005). The court may consider any of the following in resolving a Rule 12(b)(1) motion: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *see also Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). The plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed. *Id.*

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." (internal citations omitted)).

### 2. Sovereign Immunity

Sovereign immunity is jurisdictional. *Cozzo v. Tangipahoa Parish Council-President*, 279 F.3d 273, 280 (5th Cir. 2002). Claims against a state or officials acting in their official capacities are barred by the Eleventh Amendment unless the state has consented to suit or its immunity has been abrogated by Congress. *Id.* at 280-81; *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). The State of Texas has not waived its Eleventh Amendment immunity from suits brought under 42 U.S.C. § 1983. *Cox v. Texas*, 354 Fed. App'x 901, 903 (5th Cir. 2009). The Supreme Court has expressly held that § 1983 does not abrogate a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). When a claim is barred by sovereign immunity, it must be dismissed under Rule 12(b)(1) without prejudice. *See Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir.1996).

### 3. Plaintiff's Claim is Barred by Sovereign Immunity

Facts evident from the face of Plaintiff's Complaint demonstrate that this court lacks subject matter jurisdiction over his claims. In addition, Plaintiff has not disputed those facts in his response to the Defendant's motion. *See* Dkt. 8.

Plaintiff unambiguously sued the State of Texas under 42 U.S.C. § 1983 for violations of his civil rights. His allegations regarding violations of his rights under "Article 14" and "Article 7" of the Bill of Rights and Texas workers compensation laws do not override the State's Eleventh Amendment Sovereign Immunity. Plaintiff bears the burden of demonstrating the existence of subject matter jurisdiction, and he has not shown that Texas has waived its immunity or that Congress has abrogated sovereign immunity in this context. Therefore, Plaintiff's claim under 42 U.S.C. § 1983 against the State of Texas should be dismissed. Because the granting of the State's Rule 12(b)(1) motion on the basis of sovereign immunity is dispositive of the case, the court does not address the State's other grounds for dismissal.

### III. Conclusion and Recommendation

For the reasons discussed above, the court concludes that it does not have jurisdiction over this matter due to the State's sovereign immunity and therefore recommends that Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) be granted and Greene's 42 U.S.C. §1983 claim against the State of Texas be dismissed without prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the

chambers of Judge Lee H. Rosenthal, Room 11535, and to the chambers of the undersigned, Room 8608.

Signed on September 27, 2018, at Houston, Texas.

                                              Christina A. Bryan
                                          United States Magistrate Judge